[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that he has been assaulted and intimidated by cell-mates since his re-incarceration on August 11, 1997. He complains that he was first housed at Cheshire Correction Institute where the abuse was by two (2) separate cell-mates. After his transfer to MacDougall Correction Institute on October 7, 1997 he alleged that, with another two (2) separate CT Page 2577 cell-mates, the intimidation continued. He is presently housed at Northern Correction Institute where the abuse was ended. The petitioner then prompted the court to terminate his testimony by a litany of the crude and insulting language he had addressed to these cell-mates and of his lack of care as to the consequences of the same by his cell-mates, prison staff or the court.
At this point his mother who was seated in court came forward to explain his mental health background which may have been responsible for this demonstration. To assure that mental health staff be properly apprised of his background, the court suggested that the petitioner's mother aid the respondent through her son with sufficient information to set in place any services which the respondent can offer to the petitioner and the hearing was continued for one month.
At the second hearing it was apparent to the court that the petitioner's mother was unable to enlist the cooperation of the petitioner. The respondent produced Thomas Lateer, a medical social worker, a member of the respondent's staff who had evaluated the petitioner. See Respondent's Exhibits A and B. He testified that the petitioner was receiving medication for his condition but was refusing psycho therapy. The petitioner in his testimonial response to Lateer admitted the use of medication and the refusal of psychotherapy. Again the petitioner appeared to be in control of himself as he explained that he wanted to be left alone and free from constant requests to participate in psychotherapy. He became agitated when cooperation was suggested resulting in the termination of the hearing.
The stresses caused by housing at Cheshire and MacDougall are obviously not present at Northern and the mental health medications have, at the least, stabilized the petitioner's condition. The petitioner will be released in August, 1999 which will allow his mother time to set in place any mental health programs which she feels he needs.
For the above reasons the petition is dismissed.
 Thomas H. Corrigan Judge Trial Referee